(19 App. Div. 326.)

BARNES v. DUNN.

(Supreme Court, Appellate Division, First Department. June 25, 1897.)

CLAIMS AGAINST DECEDENT'S ESTATE—STALE DEMAND.

 Upon a reference of a claim against the estate of a decedent by his widow, it appeared that about $4,500 of rents of property belonging to the claimant had come into the hands of the decedent; that he had expended a larger sum in repairs on the property, but whence the money so paid out came did not appear; that after receiving the $4,500 the decedent gave the claimant a check for $2,500, which she did not present until 18 months after its date, nor until after decedent's death. *Held* that, in the absence of evidence of payment by decedent after the date of the check, the delay in presenting it did not make it a stale demand, and that the evidence was sufficient to authorize a finding that the decedent was indebted to the claimant.

Appeal from judgment on report of referee.

Action by Frances W. Barnes against Charles E. Dunn, as executor. From a judgment rendered on the report of a referee in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, INGRAHAM, and PARKER, JJ.

Henry B. Anderson, for appellant.
Robert L. Harrison, for respondent.

PARKER, J. Examining the decision of the referee in the light of the rule invoked by the appellant, that "public policy requires that claims against the estates of the dead should be established by very satisfactory evidence, and the court should see to it that such assets are fairly protected against unfounded and rapacious raids," we find no occasion to disagree with it. This action was brought to recover $2,500, which sum the plaintiff claimed that the defendant's testator, Joseph C. Barnes, owed to her. She put in evidence on the trial a check drawn for that amount, dated July 17, 1893, which was not presented to the bank where it was made payable until after the death of

Mr. Barnes, which occurred some 18 months after its delivery to her. A son of the plaintiff testified that he was present with Mr. and Mrs. Barnes when his mother showed him the check, at the same time saying "that the check had been given to her by my father in payment of rent for the Morristown property"; that, while he could not recollect the exact words of Mr. Barnes, they were to the effect that he had given it to her for that reason. The plaintiff also proved that she was the owner of a house and lot in Morristown, N. J.; that the total amount of rent collected by the agent from January 1, 1887, to July, 1893, amounted to $8,950, out of which was paid for repairs, interest on mortgage, insurance, commissions, etc., $4,419.82, leaving a balance of $4,530.18, which was paid over to Mr. Barnes. Thus, it appears that $4,530 of moneys belonging to Mrs. Barnes came into his possession during the period of time referred to, and was deposited in the bank to his credit. During that same period of time Mr. Barnes expended a large sum of money in making repairs to the property, and in paying the interest on a mortgage thereon, aggregating a little more than the amount of the rents; but it does not appear from what source the money came which paid these amounts,—whether it was the money of Mr. Barnes or Mrs. Barnes. Indeed, nothing appears, except that the payments were made by him. The evidence then establishes that the defendant's testator had $4,530 in his possession, of plaintiff's moneys, and that thereafter he gave to her a check for $2,500, declaring that it was for rents which he had received for her, and this check was drawn upon the bank in which he had deposited such rents. Thus, an indebtedness of $2,500 from defendant's testator to the plaintiff, as of the date of July 19, 1893, was established; and it did not become a stale demand, because no attempt was made to collect it for more than a year and a half. The delay in its presentation was a circumstance to be weighed, in connection with all the other evidence in the case, in determining whether there was an indebtedness at the time of the giving of the check. And, had there been any evidence tending to show payment by the defendant subsequent to the date of the giving of the check, the delay would have constituted an important circumstance for consideration in connection with such evidence. But nothing of the kind was attempted, and, as we have already observed, the evidence justified the referee in finding an indebtedness as claimed by the plaintiff. Upon the determination of that fact, therefore, the circumstance of delay was without legal importance. The facts were so fully discussed in the opinion of the learned referee that we refrain from their further consideration.

The judgment should be affirmed, with costs. All concur.